UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ALLEN ALLRED,<br><br>                   Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                   Respondent. | CASE NO. 3:21-cv-05103-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is petitioner's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction in Clark County Superior Court Case No 15-1-04336-6, Dkt. 1. The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition once it is properly filed and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

This is the second § 2254 petition for writ of habeas corpus petitioner has filed challenging his Clark County conviction. The present petition raises claims that lack merit and should be dismissed with prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro se*, no amendment would cure the fatally deficient petition. If the Court adopts this recommendation, a Certificate of Appealability should not be issued.

REPORT AND RECOMMENDATION - 1

### A. Grounds for Relief Alleged

In a brief attached to his habeas petition, petitioner asserts his Fifth and Fourteenth Amendment rights under the United States Constitution were violated because he was not charged by Grand Jury Indictment; the Washington Constitution "is vague on how a grand jury is summoned" and thus illegal; and his federal privileges and rights were abridged because he was not charged and convicted by Grand Jury Indictment. *See* Dkt. 1 (Brief in Support of Petition). Assuming without deciding the claims are exhausted, none of the claims have any merit and the petition should therefore be dismissed.

### B. Requirement of Grand Jury Indictment

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment. The contention lacks merit because it has long been settled there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). Petitioner's conviction is thus neither contrary to nor an unreasonably application of law clearly established by the United States Supreme Court and the habeas petition should be dismissed with prejudice.

### C. Certificate of Appealability

A petitioner seeking relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes petitioner is not entitled to a certificate of appealability in this matter.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections limited to eight pages, however, may be filed no later than **February 26, 2021**. The Clerk should note the matter for **February 26, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 12th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge